Affirmed as Modified; Opinion Filed January 17, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00609-CR
No. 05-12-00610-CR

## LACEDRICK LASHAWN SMITH, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F10-60836-S, F10-60837-S

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

Lacedrick Lashawn Smith appeals from the adjudication of his guilt for aggravated assault with a deadly weapon and continuous violence against the family. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2), 25.11(a) (West 2011). In six points of error, appellant contends the judgments should be modified to correct several errors. We modify the trial court's judgments and affirm as modified. The background of the cases and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

After appellant waived a jury, he pleaded guilty to aggravated assault with a deadly weapon, a machete, and continuous violence against his family, and pleaded true to one enhancement paragraph. Pursuant to plea agreements, the trial court deferred adjudicating guilt, placed appellant on six years' community supervision in each case, and assessed a $3,000 fine in the aggravated assault case. The State later moved to adjudicate guilt, alleging appellant violated several conditions of his community supervision. Appellant pleaded not true to the allegations. Following a hearing, the trial court found some of the allegations true and adjudicated appellant guilty in each case. The court assessed punishment at fourteen years' imprisonment on the aggravated assault conviction, and assessed seven years' imprisonment on the continuous violence conviction.

In his first four points of error, appellant contends the judgments should be modified to show he pleaded not true to the allegations in the motions to adjudicate and that there were no plea bargain agreements. The State agrees with the requested modifications. The record shows appellant pleaded not true to the allegations in the State's motion to adjudicate. The judgments, however, state appellant pleaded true to the motions and recites plea bargain terms. We sustain appellant's first four points of error. We modify the trial court's judgments to show the pleas to the motions to adjudicate were not true, and the terms of plea bargain are "none." *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

In his fifth and sixth points of error, appellant contends the judgments should be modified to show the specific conditions he was found to have violated. The State agrees with the requested modifications. In its amended motions to adjudicate, the State alleged eight violations, including testing positive for marijuana and cocaine on three different dates and being delinquent

-2-

on community supervision fees. During the hearing on the motions, the trial judge stated he would not revoke appellant's community supervision and adjudicate his guilt based upon the drug tests or fees because he had already dealt with those allegations in a previous hearing and ordered appellant into drug treatment. The trial court heard evidence regarding the remaining four allegations, after which the trial judge stated, "I find the allegations to be true."

The judgments recite the trial court found appellant violated the terms and conditions of his community supervision as set out in the State's amended motions to adjudicate. Because the record shows the trial court adjudicated appellant guilty based on only four of the alleged violations, the judgments are not correct. We sustain appellant's fifth and sixth points of error. We modify the judgments to show the trial court found appellant violated conditions (d), (l), (s), and (w) of his community supervision. *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

As modified, we affirm the trial court's judgments.


/s/ DAVID W. EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
120609F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LACEDRICK LASHAWN SMITH,
Appellant

No. 05-12-00609-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the 282nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F10-60836-S).
Opinion delivered by Justice Evans,
Justices FitzGerald and Fillmore
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True."

The section entitled "Terms of Plea Bargain" is modified to show "None."

The section entitled "(5) While on community supervision, Defendant violated the terms and conditions of community supervision" is modified to show "(5) While on community supervision, Defendant violated conditions (d), (l), (s), and (w) of community supervision."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered January 17, 2013.

_____
DAVID W. EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LACEDRICK LASHAWN SMITH,
Appellant

No. 05-12-00610-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 282nd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F10-60837-S).
Opinion delivered by Justice Evans,
Justices FitzGerald and Fillmore
participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** as follows:

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True."

The section entitled "Terms of Plea Bargain" is modified to show "None."

The section entitled "(5) While on community supervision, Defendant violated the terms and conditions of community supervision" is modified to show "(5) While on community supervision, Defendant violated conditions (d), (l), (s), and (w) of community supervision."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered January 17, 2013.


DAVID W. EVANS
JUSTICE